08-4473-ag
Agostin v. Holder

BIA
A79 669 224

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of February, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

JUBANI AGOSTIN, a.k.a. ZEF GJON VOLAJ,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,[1]
> *Respondent.*

_____

08-4473-ag
NAC

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:      Charles Christophe, New York, New York.

FOR RESPONDENT:     Gregory G. Katsas, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Jubani Agostin, a native and citizen of Albania, seeks review of an August 12, 2008 order of the BIA denying his motions to reopen and reconsider. *In re Jubani Agostin*, No. A79 669 224 (B.I.A. Aug. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, we lack jurisdiction to consider Agostin's argument that the BIA should have reopened his proceedings *sua sponte*. *See* 8 C.F.R. § 1003.2(a); *Azmond Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Because Agostin fails to challenge the BIA's denial of his untimely motion to reconsider, we deem any

such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali*, 448 F.3d at 517. Here, the BIA properly denied Agostin's motion to reopen as untimely where it was filed over a year after his 2006 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that Agostin failed to present material evidence of changed country conditions sufficient to satisfy the exception to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu*, 485 U.S. 94, 104-105 (1988).

Contrary to Agostin's argument that the BIA failed to consider the evidence he submitted, the BIA explicitly found two inconsistencies between that new evidence and the evidence already in the record. Agostin failed to explain these inconsistencies. Particularly where the IJ had already found that Agostin was not credible, a finding we previously affirmed, we find no basis to disturb the

3

agency's denial of Agostin's motion. *See Kaur v. Board of Immigration Appeals*, 413 F.3d 232, 233-34 (2d Cir. 2005); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

4